IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles P. Barnes,<br><br>Plaintiff,<br><br>v.<br><br>Leon Lott, in his official capacity as Sheriff of Richland County, Luke Martin, individually and in his official capacity,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 3:26-cv-02445-MGL<br><br><br><br>**ANSWER**<br><br>**(Jury Trial Demanded)** |

The Defendants Leon Lott, in his official capacity as Sheriff of Richland County, Luke Martin, individually and in his official capacity, hereby answer Plaintiff's Complaint as follows:

**<u>FOR A FIRST DEFENSE</u>**

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted. The Defendants reserve their right to file a motion pursuant to Rule 12, Fed. R. Civ. P.

**<u>FOR A SECOND DEFENSE</u>**

2. The Defendants deny each and every allegation of the Complaint not hereinafter specifically admitted, qualified, or explained.

3. That as to Paragraph One (1), the Defendants lack sufficient information upon which to form a belief as to the truth and veracity of the same, and therefore, deny the same and demand strict proof thereof.

4. That as to Paragraphs Two (2), Three (3), Four (4), Eight (8), and Thirty (30), the Defendants allege that at all relevant times to this action, the Defendant Sheriff was a constitutional officer and, therefore, a state agency pursuant to the South Carolina Constitution and the Laws of the State of South Carolina. Moreover, the Defendant Sheriff asserts that his office constitutes a

governmental entity as set forth in the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-10, *et seq.,* and is under the jurisdiction of that Act. Further answering, the Defendants assert that the Defendant Marrtin was acting within the scope of his official duties and as a Richland County Sheriff's Deputy and under the color of state law at all relevant times. Finally, the Defendants specifically deny that they have personally taken any action or instructed anyone to commit any act or omission that resulted in a violation of Plaintiff's constitutional rights. Except as stated herein, the Defendants deny these paragraphs as stated and demand strict proof thereof.

5. While the Defendants admit that the relevant events occurred in Richland County, Paragraphs Five (5) and Thirty-one (31) are jurisdictional in nature and require no response from the Defendants.

6. That as to Paragraph Six (6), the Defendants admit only that they are properly identified in the instant action.

7. That as to Paragraphs Seven (7), Twenty-three (23), and Twenty-nine (29), the Defendants reassert and reallege all previous allegations and defenses

8. That as to Paragraphs Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17), and Eighteen (18), the Defendants only admit upon information and belief that on August 2, 2024, at or about 9:45 pm, RCSD Deputy Luke Martin observed a Dodge Challenger commit a driving infraction at or near the intersection of Bush River Road in Richland County. Further answering, when Martin attempted to conduct a traffic stop on the Dodge vehicle, the driver, Wesley Alexander Anderson, accelerated and failed to stop for Martin's blue lights and siren. Martin then initiated a pursuit, during which Anderson drove recklessly at excessive speeds and disregarded multiple red lights. The pursuit ended when

Anderson's Dodge vehicle struck the vehicle operated by Plaintiff. Except as stated herein, the Defendants deny these paragraphs and demand strict proof thereof.

9. That as to Paragraph Nineteen (19), the Defendants lack sufficient information upon which to form a belief as to the truth and veracity of the same, and therefore, deny the same and demand strict proof thereof. Further answering, the Defendants crave reference to the South Carolina Highway Patrol MAIT report for the most accurate evidence of what is contained therein.

10. That as to Paragraph Twenty (20), the Defendants lack sufficient information upon which to form a belief as to the truth and veracity of the same, and therefore, deny the same and demand strict proof thereof. Further answering, the Defendants crave reference to Plaintiff's health care records and medical diagnoses for the most accurate evidence of what is contained therein.

11. That as to Paragraphs Thirty-seven (37) and Thirty-eight (38), the Defendants deny the same as stated and demand strict proof thereof.

12. That as to Paragraphs Twenty-one (21), Twenty-two (22), Twenty-four (24), Twenty-five (25), Twenty-six (26), Twenty-seven (27), Twenty-eight (28), Thirty-two (32), Thirty-three (33), Thirty-four (34), Thirty-five (35), Thirty-six (36), Thirty-nine (39), Forty (40), Forty-one (41), and Forty-two (42), the Defendants deny the same in its entirety and demand strict proof thereof.

13. The Defendants deny the allegations and relief sought as set forth in the prayer of Plaintiff's Complaint to the extent Plaintiff seeks any such relief herein.

**FOR A THIRD DEFENSE**

14. The Defendant Martin at no time violated any clearly established constitutional rights which were known or should have been known to him, and therefore, is entitled to immunity.

**FOR A FOURTH DEFENSE**

15. The actions of the Defendant Martin were objectively reasonable in light of the existing law, and therefore, he is entitled to immunity.

**FOR A FIFTH DEFENSE**

16. To the extent sued in their official capacities, each Defendant alleges that he is not a "person" within the meaning of 42 U.S.C. § 1983 and, as such, is not subject to suit.

**FOR A SIXTH DEFENSE**

17. To the extent that any state law claims are asserted against them, the individual Defendants allege that at all relevant times they were acting within the scope of their official duties as police officers, pursuant to lawful authority, and therefore are immune from suit pursuant to the SCTCA, S.C. Code Ann. § 15-78-70(c).

**FOR A SEVENTH DEFENSE**

18. The Defendants allege that they are immune from suit and liability under the doctrine of sovereign immunity.

**FOR AN EIGHTH DEFENSE**

19. The Defendants are entitled to immunity under *Long v. Seabrook* and its progeny.

**FOR A NINTH DEFENSE**

20. The Defendants allege that at all times herein that RCSD deputies were acting within the course and scope of their employment in a discretionary manner, in good faith, without bad faith or malicious motives in the performance of their official duties, and therefore, the Defendants are immune from suit.

**FOR A TENTH DEFENSE**

21. The Defendants assert the Public Duty Rule as a bar to Plaintiff's allegations, in whole or in part.

**FOR AN ELEVENTH DEFENSE**

22. The Defendants, upon information and belief, allege that any injuries or damages allegedly suffered by Plaintiff, without admitting same to be true, are due to and caused by the negligence, recklessness, willfulness, wantonness, carelessness, and gross negligence of Plaintiff, which combined and concurred with that of the Defendants, if any, which negligence of the Defendants is specifically denied, and contributed to Plaintiff's alleged injuries or damages as a proximate cause thereof and without which the accident and damages would not have occurred, this contributory negligence, recklessness, willfulness, wantonness, carelessness, and gross negligence of Plaintiff constituting a complete bar to Plaintiff's attempted recovery from the Defendants.

**FOR A TWELFTH DEFENSE**

23. The Defendants allege that any injury or damages alleged in Plaintiff's Complaint were due to, occasioned by, or caused by intervening acts of omission or commission on the part of someone other than the Defendants, without which acts and/or omissions Plaintiff would not have sustained any injuries or damages as are set forth in his Complaint, all of which the Defendants plead as a bar to this action.

**FOR A THIRTEENTH DEFENSE**

24. The Defendants assert that any injuries and damages sustained by Plaintiff as alleged in the Complaint were due to and caused by the intervening criminal acts of a third party over which the Defendants had no control.

**FOR A FOURTEENTH DEFENSE**

25. Any injury or damage sustained by Plaintiff as a result of the matters alleged in the Complaint was caused and occasioned by events over which the Defendants had no control and/or right of control, thereby relieving the Defendants from any liability or responsibility herein.

**FOR A FIFTEENTH DEFENSE**

26. The Defendants are absolutely immune from Plaintiff's tort claims pursuant to S.C. Code Ann. §§ 15-78-40 and/or 15-78-50(b) of the SCTCA.

**FOR A SIXTEENTH DEFENSE**

27. The Defendants plead the specific provisions of the SCTCA, S.C. Code Ann. § 15-78-10 *et seq.*, (Supp. 2004), encompassing all of the immunities, limitations and defenses granted or preserved by the Act, and codified as S.C. Code Ann. §§ 15-78-20; 15-78-30; specifically, 15-78-60 (1), (3), (4), (5), (6), and (20); 15-78-70; 15-78-100; 15-78-120; and, 15-78-200.

**FOR A SEVENTEENTH DEFENSE**

28. To the extent that the Complaint seeks punitive or exemplary damages, it violates the right of the Defendants to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

29. Such damages are also not recoverable pursuant to *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

WHEREFORE, having fully answered the Complaint of Plaintiff, the Defendants Leon Lott, in his official capacity as Sheriff of Richland County, Luke Martin, individually and in his official capacity, pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

*[Signature block on following page]*

GARFIELD SPREEUWERS LAW GROUP

*/s/ Robert D. Garfield*
Robert D. Garfield, Fed. ID 7799
Steven R. Spreeuwers, Fed. ID 11766
1220 Pickens Street
Columbia, South Carolina 29201
T: 803.830.5496
robert@gslawsc.com
steve@gslawsc.com

*Counsel for the Defendants*

Columbia, South Carolina
June 25, 2026