IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Charles P. Barnes,

Plaintiff,

vs.

Leon Lott, in his official capacity as Sheriff of Richland County, Luke Martin, individually and his official capacity,

Defendants.

CA: 3:26-cv-2445-SAC

**PLAINTIFF'S ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES**

Plaintiff responds to Local Civil Rule 26.03 of the Federal Rules of Civil Procedure as follows:

(1) A short statement of the facts of the case.

**ANSWER: This is a personal injury action arising out of an auto accident that took place on August 2, 2024, wherein Plaintiff was injured when he was hit by another vehicle that was being chased by a Richland County Sheriff's Office deputy. Plaintiff sustained injuries, including a fractured right femur, and other areas of his body from this incident.**

**A lawsuit was filed by Plaintiff in State Court of South Carolina on May 14, 2026, and removed to District Court of South Carolina by Defendants on June 19, 2026.**

(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**ANSWER: The following witnesses may have information relating to the event in question and Plaintiff's injuries and damages:**

**a. Charles Barnes is the Plaintiff in this subject action and can testify as to the facts and circumstances surrounding this incident including his injuries and treatment that resulted from the incident.**

**b. Hope Belton is Plaintiff's friend and has knowledge and information regarding the subject collision. She also has knowledge as to Plaintiff's injuries and treatment that resulted from the collision.**

c. **Chris Nazry is Plaintiff's friend and has knowledge and information regarding the subject collision. He also has knowledge as to Plaintiff's injuries and treatment that resulted from the collision.**

d. **Luke T. Martin is a Defendant in the subject action and has knowledge and information regarding the subject collision, his driving history, and his qualifications and training to drive a police issued vehicle for the sheriff's department.**

e. **Plaintiff reserves the right to call any and/or all medical personnel who examined Mr. Barnes as identified in the medical records.**

f. **Plaintiff respectfully reserves the right to call any rebuttal witnesses or those witnesses of the Defendants.**

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER: Plaintiff reserves the right to call expert witnesses at trial including the initial responders and medical personnel who treated Plaintiff for his injuries. Plaintiff will identify any and all retained expert witnesses pursuant to the terms of the Conference and Scheduling Order entered in this action.**

(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.

**ANSWER: Plaintiff's claims:**

- **Nondelegable duty: *Simmons v. Tuomey Reg'l Med. Ctr.,* 341 S.C. 32, 533 S.E.2d 312 (2000));**
- **Negligence and Gross Negligence: South Carolina Tort Claims Act: S.C. Code 15-78-10, et seq.;**
- **Excessive Force & Monell claim: 42 U.S.C. § 1983, *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978);**
- **Negligent supervision: *Rickborn v. Liberty Life Ins. Co.,* 321 S.C. 291, 300, 302, 468 S.E.2d 292, 298-99 (1996) (considering a negligent supervision claim, citing the elements of ordinary negligence (including the "duty of care"), and stating "[a]n employer owes a duty of care to a third party when the possible harm resulting to the third party by the employee could have been reasonably anticipated by the employer"); *Trask v. Beaufort Cnty.,* 392 S.C. 560, 566, 709 S.E.2d 536, 539 (Ct. App. 2011) (considering "claims for negligence and negligent supervision and training" and citing the basic elements of negligence); *Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clement Rivers & Tisdale, LLP,* 359 S.C. 635, 644-45 n.2, 598 S.E.2d 717, 722-23 n.2 (Ct. App. 2004) (evaluating a claim for negligent supervision,**

**specifying "[t]he disposition of this claim depends upon whether [the defendant] owed a duty to [the plaintiff]," recognizing "[a]n employer may have a legal duty to use due care in supervising an employee as a result of a contractual relationship with the employee," and noting "[t]his duty sounds in tort, not in contract."**

- **Knowledge not required to impose punitive damages on employer for acts of an employee: *Brown v. American Tel. & Tel. Co.,* 82 S.C. 173, 63 S.E. 744 (1909); *West v. Service Life & Health Ins. Co.,* 220 S.C. 198, 202, 66 S.E.2d 816, 817 (1951), *Austin v. Specialty Transp. Servs.,* 358 S.C. 298, 318, 594 S.E .2d 867, 877 (2004). *Accord Hill v. USA Truck, Inc.,* No. 8:06-CV-1010-GRA, 2007 WL 1574545, at *17 (D.S.C. May 30, 2007) *citing Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938); *Berk–Cohen Assocs., L.L.C. v. Orkin Exterminating Co.,* 2004 U.S. Dist. LEXIS 6660, 11 (E.D.La.);**
- **Master/Servant; Principal/Agent; *Respondeat Superior*;**
- **South Carolina Code of Laws §56-5-2310, *et seq.* (SC motor vehicle laws).**

(5) Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):.

(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures;

(b) Completion of discovery.

**ANSWER: As set forth in the proposed Amended Scheduling Order, the parties request that the Court establish deadlines regarding expert disclosures and completion of discovery as follows:**

**(a) Expert Witness Disclosures:**
**(1) Plaintiff: January 26, 2027**
**(2) Defendant: March 1, 2027**

**(b) Completion of Discovery: March 30, 2027**

(6) Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).

**ANSWER: None at this time.**

(7) Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

**ANSWER: None at this time.**

*signature appears on following page*

**McWHIRTER, BELLINGER & ASSOCIATES, P.A.**

s/J.C. Nicholson, III__________
J.C. Nicholson, III (SC Bar # 70324)
119 East Main Street
Lexington, South Carolina 29072
(803) 359-5523 Phone
(803) 359-1248 Fax
JC@mbalaw.com
***Attorney for the Plaintiff***

August 17, 2026